**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

GREGORY TYREE BROWN,

         Plaintiff - Appellant,

  v.

DEAN MASON, Grievance Program
Specialist, DOC; et al.,

         Defendants - Appellees.

No. 09-36038

D.C. No. 2:05-cv-05071-RHW

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of Washington
Robert H. Whaley, District Judge, Presiding

Submitted April 20, 2011[**]

Before:    RYMER, THOMAS, and PAEZ, Circuit Judges.

Gregory Tyree Brown, a Washington state prisoner, appeals pro se from the

district court's judgment requiring each party to bear its own costs in his 42 U.S.C.

§ 1983 action alleging that his personal property was confiscated in violation of the

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

First Amendment.  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo the legal question of whether a party was the prevailing party, *Kimbrough v. California*, 609 F.3d 1027, 1031 (9th Cir. 2010), and for an abuse of discretion the district court's decision regarding costs, *Dawson v. City of Seattle*, 435 F.3d 1054, 1070 (9th Cir. 2006).  We affirm.

The district court entered judgment for defendants on Brown's claims for compensatory and punitive damages and dismissed Brown's claim for declaratory and injunctive relief as moot.  As a result, Brown was not a prevailing party, *see Buckhannon Bd. and Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 605 (2001) (party who does not obtain judicial relief is not a prevailing party, even if party achieves its desired result because the commencement of the lawsuit causes the defendants to voluntarily alter conduct), and the district court was not required to explain its order that each party bear its own costs, *see Ass'n of Mexican-Am. Educators v. California*, 231 F.3d 572, 591-92 (9th Cir. 2000) (a district court must only specify its reasons for denying costs to a prevailing party under Fed. R. Civ. P. 54(d)(1)).

**AFFIRMED.**